BRYAN SCHWARTZ LAW
BRYAN SCHWARTZ (SBN 209903)
RACHEL M. TERP (SBN 290666)
1330 Broadway, Suite 1630
Oakland, California 94612
Tel: (510) 444-9300
Fax: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
       rachel@bryanschwartzlaw.com

*Attorneys for Plaintiff and the Proposed Collective
and California Classes*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORINA

| | |
|---|---|
| SHARON GAMBLE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>BANK OF AMERICA, National Association, and DOES 1-50,<br><br>Defendant. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION FOR DAMAGES AND RESTITUTION**<br><br>**(1) Failure to Pay Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**<br>**(2) Failure to Pay Overtime Compensation, Cal. Labor Code §§ 510, 1194, and IWC Wage Order(s)**<br>**(3) Failure to Provide or Authorize Meal and Rest Periods, Cal. Labor Code §§ 512, 226.7, and IWC Wage Order(s)**<br>**(4) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties, Cal. Lab. Code §§ 201-204**<br>**(5) Unlawful and / or Unfair Business Practices, Cal. Business & Professions Code § 17200 *et seq*.** |

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by Individual Plaintiff Sharon Gamble ("Plaintiff") on her own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative Class members are or were employed by Defendant Bank of America, National Association and Doe Defendants (collectively "Defendant"), as Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants, and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and Chief Executive Officer ("CEO") (collectively, "Client Advocates"), throughout California and elsewhere in the United States.

2. Plaintiff and Collective and California Class members should have been classified as non-exempt employees under federal and state wage-and-hour laws, and should have received overtime pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The proposed FLSA Collective is made up of all persons who are or have been employed by Defendant as exempt Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants, and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and CEO in the United States at any time within three (3) years prior to this action's filing date through the trial of this action (the "Collective Class Period").

4. The proposed California Class is made up of all persons who are or have been employed by Defendant as exempt Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and CEO in the state of California within four (4) years prior to this action's filing date through the date of final disposition of this action (the "California Class Period.")

5. The California Waiting Time Penalties Subclass is made up of all California Class members who are no longer employed by Defendant and have not been employed by Defendant for more than 72 hours within three (3) years prior to this action's filing date through the final

- 1 -

disposition of this action.

6. During the Collective Class Period and California Class Period, Defendant failed to pay appropriate compensation to each member of the Collective Class and California Class as required by federal and state law. Plaintiff seeks relief for the Collective Class and California Class pursuant to applicable federal and state laws, rules, regulations, and Wage Orders of the Industrial Welfare Commissions ("IWC"). The relief sought is to remedy the Defendant's failure to: pay appropriate overtime compensation, provide or authorize meal and rest periods, pay waiting time penalties, in addition to restitution and injunctive relief.

## THE PARTIES

7. Plaintiff Sharon Gamble is an individual residing in Los Angeles County, California. Defendant employed Ms. Gamble from approximately February 2010 through late-February 2015 as a Client Advocate for the Escalation Unit of the Office of the President and CEO. While employed by Defendant, Ms. Gamble worked in Defendant's Woodland Hills, Simi Valley, and Pasadena offices and her home office. A signed consent form for Plaintiff Gamble s is attached as Exhibit A.

8. Upon information and belief, Defendant Bank of America, N.A. is a National Banking Association with a principal place of business in North Carolina, which does business in and maintains offices in many states throughout the United States, including California.

9. Defendant Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative Class members herein alleged were proximately caused by such Defendant.

10. Plaintiff and those similarly situated are individuals who were or are employed by Defendant as exempt Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants, and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and CEO at any time within the past three (3) years anywhere in the United States. Their primary job duty was or is non-exempt

clerical work consisting of handling the day to day customer service activities in the Office of the President and CEO, including processing customer-related inquiries received from consumers, government agencies, non-profits, and other miscellaneous business channels. At all relevant times, Defendant is, and has been, Plaintiff's and the similarly situated individuals' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 207 and 216(b). The representative Plaintiff has signed consent forms to join this lawsuit, attached hereto as Exhibit A.

12. This Court also has supplemental jurisdiction over Plaintiff Gamble's state law claims pursuant to 28 U.S.C. § 1367, because the Plaintiff's state law claims arise out of the same transactions or occurrences as her FLSA claims.

13. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in Los Angeles County, California.

## FACTUAL ALLEGATIONS

14. Client Advocates work in Bank of America's Office of the President and CEO.[1] The primary duty of Client Advocates is non-exempt work that consists of processing high volumes of individual customer service inquiries, which are frequently customer complaints. Plaintiff and those similarly situated answer phone calls and written inquiries from customers. In doing so, Client Advocates work under close supervision of their managers. Client Advocates must adhere to Bank of America's detailed policies, procedures, and quality guidelines in their communications with customers.

15. Client Advocates respond in writing to customers' verbal and written inquiries, according to standardize processes. A Client Advocate generates an itemized list of the customer's inquiries, directs each inquiry to the appropriate business channel, and makes sure the channel provides a response. The Client Advocate then compiles the inquiry responses into a letter,

---

[1] While Plaintiff is a former employee, the pleadings will proceed hereafter in the present tense.

according to Bank of America's formatting and content requirements. Each letter is reviewed by a manager, who can return the letter to the Client Advocate for corrections to content or format. Once the manager approves the letter, the Client Advocate may send it to the customer.

16. Plaintiff and those similarly situated are required to process high volumes of response letters within strict turnaround times. Client Advocates document their work in detail within a spreadsheet program, and managers closely monitor their production volumes and turnaround times. Failure to meet volume goals or turnaround time deadlines can result in discipline including a verbal warning, write-up, and/or termination.

17. Plaintiff and those similarly situated receive regular performance evaluations, have frequent meetings with their managers to discuss their work and attend mandatory team meetings which often focus on improving productivity. Plaintiff and others similarly situated must also attend mandatory trainings on a regular basis.

18. Client Advocates frequently are required to work in excess of forty hours per week to meet deadlines and customer demands. Plaintiff often worked eleven- or twelve-hour days starting at 7 or 8 a.m., with at least 2 days a week spent working until 11 p.m. or midnight. Plaintiff also regularly worked on weekends. Plaintiff rarely took vacations.

19. During the relevant time periods, Plaintiff and others similarly situated routinely worked over 40 hours per week without receiving overtime compensation.

20. During the relevant time periods, Plaintiff and others similarly situated worked over eight (8) hours per day without receiving overtime compensation.

21. During the relevant time periods, Defendant failed to provide or authorize uninterrupted 30 minute meal periods or uninterrupted 10 minute rest breaks to Plaintiff or others similarly situated, or pay premiums worth one hour of pay at the affected employees' regular rate of pay.

22. Because of the high volume of work and Defendant's failure to provide duty-free meal and rest periods, Plaintiff and those similarly situated routinely were unable to take lawful breaks.

23. Defendant Bank of America classified Plaintiff and others similarly situated, and upon information and belief continues to classify its Client Advocates, as exempt from the FLSA's

overtime protections and California's overtime and other wage protections.

24. Client Advocates are not exempt based on the executive employee exemption because their job duties do not include managing Defendant's business, a department within Defendant's business, or a subdivision thereof. Client Advocates do not direct the work of at least two or more other full-time employees or their equivalent. Moreover, Client Advocates customarily have no input into hiring and firing.

25. Client Advocates are not administratively exempt because they do not exercise discretion and independent judgment with respect to matters of significance, and are not managers or administrators of Defendant's general business operations or makers of Defendant's overarching policies. Client Advocates conduct routine non-managerial duties using scripts and templates to field calls and draft form letters in response to outside entities. They are production-oriented, in the sense that they are measured by the number of customers served and the number of responses fully executed. Client Advocates are required to meet strict, standardized turnaround deadlines in accordance with Defendant's policies and procedures.

26. Plaintiff Gamble observed her co-workers to complain to their Managers about the excessive workload and overtime hours they were working.

27. Defendant does not keep accurate records of the hours worked by Client Advocates. Plaintiff's wage statements did not reflect her overtime hours worked.

28. Plaintiff Gamble's wage statements did not reflect the premiums owed for missed meal and rest breaks.

29. Plaintiff Gamble was not paid overtime and other wages owed on at least a biweekly basis.

30. Defendant's conduct, as set forth in this Complaint, is willful. Defendant operates under a scheme that has caused significant damages to Plaintiff and similarly-situated individuals.

**COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiff's consent form is attached hereto as Exhibit A.

32. The proposed FLSA Collective Class is defined as follows:

> All persons who have been employed by Defendant as Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants, and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and CEO within the United States at any time starting three (3) years prior to the filing of the initial complaint in this action until trial of this action.

33. Defendant suffered and permitted Plaintiff and the FLSA Collective Class to work more than 40 hours per week.

34. Plaintiff and the FLSA Collective Class were or are paid by salary, with no overtime pay for their overtime hours worked.

35. During the applicable statutory period, Defendant classified Plaintiff and the FLSA Collective Class as exempt from overtime compensation.

36. Defendant knew that Plaintiff and the FLSA Collective Class performed non-exempt work that required overtime pay. Defendant operated under a scheme to deprive its as Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants, and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and CEO of overtime compensation by failing to properly compensate them for all hours worked.

37. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly-situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **CALIFORNIA CLASS ALLEGATIONS**

38. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class and subclasses:

**Proposed California Class:** All persons who are or have been employed by Defendant as Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants, and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and CEO for Defendant within the State of California at any time from four (4) years prior to the filing of this Complaint to the final disposition of this case.

**Proposed California Waiting Time Penalties Subclass:** All California Class members who are currently employed by Defendant or were employed by Defendant any time from three (3) years prior to the filing of this Complaint to the final disposition of this case.

39. Plaintiff, on behalf of herself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

40. Numerosity: The Proposed California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed more than 100 Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants, and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and CEO throughout California, upon information and belief.

41. Typicality: Plaintiff's claims are typical of the members of the Proposed California Class. Plaintiff is informed and believes that Client Advocates, Operations Analysts, Operations Consultants, Quality Consultants, and other job titles performing the same or similar customer complaint processing duties in a non-supervisory capacity in the Office of the President and CEO routinely worked and work more than eight hours per day and more than forty hours per week during the Class Period. Plaintiff had the same duties as or similar duties to other Class members and was subject to Defendant's policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime law; misrepresenting to these employees that they were exempt from state overtime law; improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; and failing to maintain accurate time records of hours worked by the proposed California Class.

42. Plaintiff Gamble is typical of the Proposed California Waiting Time Penalties Subclass, in that she is employed by Defendant and was so employed within three (3) years prior

to the filing of this suit, and Defendant willfully failed to pay final wages, in full and on time, after employment ended.

43. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where an individual Plaintiff lacks the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

44. Adequacy: Plaintiff will fairly and adequately protect the interests of the Proposed California Class (and the Proposed Subclass), has no conflicts with the Proposed California Class's interests, and has retained counsel experienced in complex wage and hour class and collective action litigation.

45. Commonality: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

    A. Whether Defendant improperly classified Plaintiff and members of the Proposed California Class as exempt from overtime laws based on their job duties;

    B. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

    C. Whether Defendant's policies and practices provided and/or authorized meal and rest periods in compliance with applicable state laws based on their job duties;

    D. Whether Defendant failed to keep accurate time records for all hours worked by the Plaintiff and the Proposed California Class in violation of state wage laws;

    E. The proper measure of damages sustained by the Proposed California Class; and

    F. Whether Defendant's actions were "willful."

46. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

- 8 -

Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

47. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices applicable to the Proposed California Class members denied them overtime pay and meal and rest periods to which they are entitled. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

48. Plaintiff intends to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendant.

**FIRST CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT**

**29 U.S.C. § 201,** *et seq.*

**(On Behalf of Plaintiff and the FLSA Collective)**

49. Plaintiff and the FLSA Collective Class allege and incorporate by reference the allegations in the preceding paragraphs.

50. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

51. Plaintiff and the FLSA Collective Class are entitled to be paid overtime compensation for all hours worked. By failing to compensate Plaintiff and the FLSA Collective Class overtime compensation, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq*.

52. Defendant knew or showed reckless disregard for the fact that it failed to pay these

- 9 -

individuals overtime compensation in violation of the FLSA.

53. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and working conditions, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

55. The forgoing conduct, as alleged, precludes a finding that Defendant's conduct was in good faith or that Defendant had reasonable grounds for believing its acts or omissions were not in violation of the FLSA pursuant to 29 U.S.C. § 260, so as to avoid a liquidated damages or other award.

56. Plaintiff, on behalf of herself and the FLSA Collective Class, seeks damages in the amount of all unpaid overtime compensation owed to herself and the FLSA Collective Class to be established at trial, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and other legal and equitable relief as the Court deems just and proper. Plaintiff, on behalf of herself and the FLSA Collective Class, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## UNPAID OVERTIME WAGES UNDER CALIFORNIA STATE LAW

**California Labor Code §§ 510 and 1194, and IWC Wage Order(s)**

**(On Behalf of Plaintiff Gamble)**

57. Plaintiff Gamble alleges and incorporates by reference the allegations in the preceding paragraphs.

58. The overtime wage provisions of Labor Code §§ 510, 1194, 1198, and the IWC Wage Order(s) apply to Defendant and protect Plaintiff.

59. Defendant, pursuant to its policies and practices, unlawfully and willfully refused to pay Plaintiff overtime premiums the hours she worked over eight (8) hours in a day and over 40 hours in a week.

60. By failing to pay overtime wages to Plaintiff, Defendant willfully violated, and

continues to violate, Plaintiff's statutory rights under the California Labor Code and its supporting Wage Order(s).

61. Plaintiff seeks damages for her loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial, plus, reasonable attorney's fees and costs of the action, interest, and such other legal and equitable relief as the Court deems proper.

### THIRD CLAIM FOR RELIEF

### FAILURE TO PROVIDE OR AUTHORIZE MEAL AND REST PERIODS

### California Labor Code §§ 512 and 226.7, and IWC Wage Order(s)

### (On Behalf of Plaintiff Gamble)

62. Plaintiff Gamble alleges and incorporates by reference the allegations in the preceding paragraphs.

63. Plaintiff regularly worked in excess of five (5) hours a day without being afforded at least a half-hour uninterrupted meal period in which she was relieved of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Orders.

64. Plaintiff, at least twice a week, worked in excess of 10 hours a day without being afforded a second half-hour uninterrupted meal period in which she was relieved of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Orders.

65. Because Defendant failed to afford proper meal periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and IWC Wage Orders.

66. Plaintiff regularly worked more than three and one-half (3.5) hours in a day without being authorized and permitted to take a 10 minute rest period in which she was relieved of all duties, and regularly worked more than six (6) hours in a day without being authorized and permitted to take two, 10 minute rest periods in which she was relieved of all duties per four (4) hours or major fraction thereof, as required under California Labor Code § 226.7 and IWC Wage Orders. Plaintiff has often worked in excess of 10 hours without being authorized and permitted to take additional 10 minute rest periods in which she was relieved of all duties.

67. Because Defendant failed to afford proper rest periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper rest

periods were not provided, pursuant to California Labor Code § 226.7(b) and IWC Wage Orders.

68. Defendant's failure to pay meal and rest period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order.

69. By violating California Labor Code §§ 226.7 and 512, and IWC Wage Orders, Defendant is liable for unpaid missed meal and rest break premiums, reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PAY EARNED WAGES UPON DISCHARGE, WAITING TIME PENALTIES**

**California Labor Code §§ 201-204.**

**(On Behalf of Plaintiff Gamble)**

70. Plaintiff Gamble alleges and incorporates by reference the allegations in the preceding paragraphs.

71. Defendant directly controlled the pay of Plaintiff. Defendant was responsible for making prompt payments to Plaintiff.

72. California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

73. Plaintiff ceased employment with Defendant and is entitled to unpaid compensation, but to date has not received such compensation, more than 72 hours after cessation of her employment.

74. Defendant failed to pay the earned and unpaid wages of Plaintiff within 30 days from the time such wages should have been paid under Labor Code §§ 201 and 202.

75. Defendant willfully failed to timely compensate Plaintiff for all hours worked. As a result, Defendant is liable to Plaintiff, together with interest thereon and reasonable attorneys' fees and costs, under California Labor Code § 203.

// //

// //

## FIFTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

**Unfair Practice, California Business & Professions Code § 17200 *et seq*.**

**(On Behalf of Plaintiff Gamble)**

76. Plaintiff Gamble alleges and incorporates by reference the allegations in the preceding paragraphs.

77. California's Unfair Competition Law, California Business and Professions Code § 17200 et seq., prohibits unfair competition, including any unlawful or unfair business acts or practices. The foregoing conduct by Defendant, as alleged, constitutes unlawful business actions and practices in violation of § 17200.

78. Pursuant to Business and Professions Code § 17200 et seq., Plaintiff is entitled to: restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendant has improperly withheld and retained during a period that commences four years prior to the filing of this action; an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, and other applicable law.

## PRAYER FOR RELIEF

79. WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective and California Classes, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA and California law;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA and California law and California's meal and rest break provisions;

D. Judgment that Defendant's violations described above were willful;

E. An award in the amount equal to Plaintiff's and the FLSA Collective Class's

and California Class's unpaid back wages at the applicable overtime rates;

  F. An award of waiting time penalties under California law;

  G. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages, and penalties where provided by law, and interest thereon;

  H. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, Labor Code § 1194, California Code of Civil Procedure §1021.5, and/or other applicable laws;

  I. An award of prejudgment interest to the extent liquidated damages are not awarded;

  J. Leave to amend this Complaint to add additional claims by motion, or any other method approved by the Court;

  K. Leave to amend this Complaint to add additional Defendants by motion, or any other method approved by the Court;

  L. Leave to amend this Complaint to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

  M. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

               Respectfully submitted,

Dated: November 2, 2017      BRYAN SCHWARTZ LAW

           By: __/s/ Rachel M. Terp_____
             Bryan J. Schwartz
             Rachel M. Terp
             Attorneys for Plaintiff and Others Similarly Situated